Mithoff v. Bohn.

## No. 3317.

### WILLIAM MITHOFF v. AUGUSTE BOHN.

This suit is brought on a judgment in which the original obligation was merged. In the authentic act by which the defendant acquired from Byrne, Vance & Co., his title to the real estate subject to the plaintiff's judicial mortgage, the defendant bound himself expressly to pay whatever amount Mithoff, the plaintiff, might recover against Byrne, Vance & Co., in a suit then pending and not finally determined. Thus, it was a condition of the sale to Bohn, that he should pay whatever judgment, if any, Mithoff should obtain in the court of last resort. The amount of such judgment, if finally obtained against Byrne, Vance & Co., was to constitute part of the consideration to be given for the property by Bohn.

This court is not able to see what interest or right the defendant can have in protracting this litigation on the pretense that confederate money was the basis of the contract originally entered into between Mithoff and Byrne, Vance & Co., and which culminated in a judgment.

APPEAL from the Fourth District Court, parish of Orleans. *Théard,* J. *C. Roselius* and *Alfred Philips,* for plaintiff and appellee. *Finney & Miller, T. J. Cooley, E. Phillips,* for defendant and appellant.

TALIAFERRO, J. The plaintiff having obtained a judgment against Byrne, Vance & Co., for $22,950 with interest, acquired, by the recording thereof, a judicial mortgage against their property.

Subsequently, the defendant purchased of Thomas Byrne, the property subject to that judicial mortgage. The plaintiff in this case brings suit against Bohn as third possessor to enforce the judicial mortgage against the property.

The defendant answered, denying the existence of the judicial mortgage, and alleging that if any such mortgage is found recorded in the office of recorder of mortgages the same ought to be canceled and annulled

He further alleges that Mithoff the plaintiff had been perpetually injoined from executing the judgment against Byrne, Vance & Co., by a decree of the Sixth District Court. And, lastly, he sets up the objection in that the original judgment of Mithoff against Byrne, Vance & Co., was based on an obligation, the consideration of which was confederate money. There was judgment in favor of the plaintiff and the defendant has appealed.

*First*—The defense that Mithoff had been perpetually injoined against executing his judgment against Byrne, Vance & Co., by a decree of the Sixth District Court, we do not find is made out by the evidence. On the contrary, it appears that the matter was decided adversely to the pretensions of the defendant by the judgment rendered by the Sixth District Court and confirmed on appeal. 24 An. p. 297.

*Second*—This suit is brought on a judgment in which the original obligation was merged. By the authentic act by which the defendant acquired title to the real estate subject to the plaintiff's judicial mortgage, the defendant bound himself expressly to pay whatever amount

Mithoff v. Bohn.

Mithoff, the plaintiff, might recover against Byrne, Vance & Co., in the suit then pending, but not finally determined. It was a condition of the sale to Bohn, that he should pay whatever judgment, if any, Mithoff should obtain in the court of last resort.

The amount of such judgment, if finally obtained against Byrne, Vance & Co., was to constitute part of the consideration to be given for the property by Bohn. We are not able to see what interest or right he can have in protracting this litigation on the pretense that confederate money was the basis of the contract originally entered into between Mithoff and Byrne, Vance & Co., and which culminated in a judgment.

The decree rendered in this case by the lower court we think correct.

Judgment affirmed.

Rehearing refused.